FILED
2019 Nov-13 PM 03:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SCOTTIE WAYNE JOHNSON, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 2:18-cv-0361-MHH |
| } | |
| ANDREW SAUL, Commissioner of } | |
| Social Security Administration,[1] } | |
| } | |
| Defendant. } | |

## MEMORANDUM OPINION

Mr. Johnson filed this Social Security appeal on March 7, 2018, seeking review of the Commissioner's decision denying his (Mr. Johnson's) disability insurance benefits and supplemental insurance income claims. (Doc. 1). Mr. Johnson is representing himself.

The Commissioner moved to dismiss Mr. Johnson's appeal as untimely under 42 U.S.C. § 405(g). (Doc. 6). The magistrate judge to whom this case originally

---

[1] The Court asks the Clerk to please substitute Andrew Saul for Nancy A. Berryhill as the proper defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 25(d) (When a public officer ceases holding office that "officer's successor is automatically substituted as a party."); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

was assigned gave Mr. Johnson an opportunity to respond to the Commissioner's motion. (Doc. 7). Mr. Johnson did not file a response.

The magistrate judge entered a report in which he recommended that the Court dismiss Mr. Johnson's complaint. (Doc. 8). The magistrate judge advised the parties of their right to file objections within 14 days. (Doc. 8, p. 5). To date, no party has objected to the magistrate judge's report and recommendation.

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court reviews legal conclusions in a report *de novo* and reviews for plain error factual findings to which no objection is made. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also LoConte v. Dugger*, 847 F.2d 745, 749 (11th Cir. 1988); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

The Court finds no misstatements of law in the report, and the magistrate judge's description of the relevant facts is accurate (*see* Doc. 6-1).[2] Therefore, the Court adopts the magistrate judge's report and accepts his recommendation.

---

[2] The Appeals Council declined to review Mr. Johnson's claims on December 22, 2017. (Doc. 6-1, pp. 23-28). Section 405(g) provides in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

The Court will enter a separate final judgment.

**DONE** this 13th day of November, 2019.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

42 U.S.C. § 405(g). Factoring in five days for Mr. Johnson's presumed receipt of the Appeals Council's notice by mail, Mr. Johnson had until February 26, 2018, to appeal. (Doc. 8, p. 4). Therefore, Mr. Johnson's March 7, 2018 appeal is too late.